NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARITA VEJO, | No.   18-36094 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01656-AA |
| v. | |
| PORTLAND PUBLIC SCHOOLS, a public entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| LEWIS & CLARK COLLEGE, an Oregon public benefit corporation; DOES, 1 through 50, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted October 18, 2019[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and PAEZ, Circuit Judges, and BASHANT,[***] District Judge.

This is the second appeal in this case following the panel's remand in a Memorandum Disposition dated June 6, 2018. The parties are familiar with the procedural history and the facts, so we do not repeat them here.

Although the panel did not explicitly rule on the state law discrimination claim in the Memorandum Disposition, we did so "by necessary implication." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). At the heart of both a § 1983 equal protection claim and Oregon's public-accommodation-discrimination statute, Or. Rev. Stat. § 659A.403, is the question of intentional discrimination. *Compare Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) ("To establish a § 1983 equal protection violation, the plaintiffs must show that the defendants, acting under color of state law, discriminated against them as members of an identifiable class and that the discrimination was intentional") *with Harrington v. Airbnb, Inc.*, 348 F. Supp. 3d 1085, 1089 (D. Or. 2018) (Oregon's public-accommodation-discrimination statute is a "discriminatory intent" statute, not a "discriminatory effect" statute, and requires a showing of intentional discrimination). When we determined Vejo's §

---

\*\*\*    The Honorable Cynthia A. Bashant, United States District Judge for the Southern District of California, sitting by designation.

2

1983 claim failed due to the absence of intentional discrimination, we necessarily implicated the failure of the Oregon public-accommodation-discrimination claim as well. None of the exceptions to the application of the law-of-the-case doctrine apply here, nor does Vejo argue they do.

Vejo also argues that even if the law-of-the-case doctrine applies to the state law claim against Petra Callin ("Callin") and Roberta Cooper ("Cooper"), it does not apply to the claim against Portland Public Schools ("PPS"). **Blue Br. 11**. As Vejo's state law claim against PPS is derivative of Callin and Cooper's conduct, it fails for the same reason.

We affirm the district court's dismissal of the state law claim and the grant of defendants' renewed motion for summary judgment with regard to the state law claim.

**AFFIRMED.**

3